# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| FERNANDO ENRIQUE CABRERA-ARUCHA | ) ) ) |
| Petitioner, | ) ) |
| VS. | ) Civil Action No.  SA-08-CA-353-XR ) ) |
| MICHAEL MUKASEY, *et al.* | ) ) |
| Respondents. | ) ) ) |

## ORDER

Petitioner filed a petition for a writ of habeas corpus, requesting release from detention under 28 U.S.C. § 2241. He claims that immigration officials have detained him for more than six months after an order of removal was issued, that the crime for which he was convicted does not qualify as an aggravated felony subjecting him to deportation, and that he received ineffective assistance of counsel in prior criminal and removal proceedings.

The Government filed a motion to dismiss the petition, asserting that Petitioner appealed his removal order to the Ninth Circuit Court of Appeals, which granted a stay in removal proceedings pending that court's decision on his appeal. Because 8 U.S.C. 1231(a)(1)(B) makes clear that the removal period has not yet commenced, and because the underlying issues concerning the removal order are being considered by the Ninth Circuit, the Government contends Petitioner's application for habeas relief should be dismissed.

Magistrate Judge Primomo issued a Memorandum and Recommendation which sided with the Government's position, and Petitioner timely filed his objections. Having considered these

objections, along with the factual background and pertinent case law, the Court adopts the Magistrate Judge's Recommendation and dismisses Petitioner's case.

## Factual Background

Petitioner is a citizen of El Salvador, who lawfully entered the United States in 1992. On April 6, 2006, he was convicted in Los Angeles, California of arson and sentenced to sixteen months in prison. On September 15, 2006, Immigration and Customs Enforcement ("ICE") officials took Petitioner into custody, and on March 9, 2007, an immigration judge ordered his removal.

After the Board of Immigration Appeals dismissed his appeal on August 3, 2007, Petitioner filed a petition for review with the Ninth Circuit Court of Appeals, which granted a motion to stay the removal on January 14, 2008.

## Analysis

In *Zadvydas v. Davis*[1] the Supreme Court held that it is presumptively reasonable for the Government to detain people for up to six months once the removal period commences.

8 U.S.C. § 1231(a)(1)(B) provides that:

The removal period begins on the latest of the following:

(I) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

Part (ii) directly applies to Petitioner's situation. The Ninth Circuit agreed to judicially review

---

[1] 533 U.S. 678 (2001).

his removal order and issued a stay of the removal proceedings. Until the Ninth Circuit issues a final order, the removal period does not commence. Accordingly, Petitioner's assertion that *Zadvydas*'s six month time frame already expired is incorrect. The six month clock does not begin ticking until after the Ninth Circuit issues a final ruling on Petitioner's application pending before it.

As for Petitioner's claims that he was convicted of a non-deportable offense and that he received ineffective assistance of counsel in both his criminal and immigration proceedings, those claims are not properly before the Court for two reasons. First, they present challenges to his removal order, which can only be directed to a federal court of appeals.[2] Second, a federal court of appeals is already considering these challenges, and it is not the role of this Court to intervene.

## Conclusion

In sum, this Court does not have jurisdiction to entertain Petitioner's challenges to his removal order. As to Petitioner's claim that he has been detained for an unconstitutionally impermissible period of time under, the language of 8 U.S.C. § 1231(a)(1)(B) indicates otherwise. Until a final ruling is issued as to Petitioner's challenge to his removal order, Petitioner's claim for release under *Zadvydas* must be denied.

Accordingly, the Court adopts the Magistrate Judge's Memorandum and Recommendation, grants Defendants' motion to dismiss (Docket No. 10), and dismisses Petitioner's habeas petition.

It is so ORDERED.

---

[2] *See* 8 U.S.C. § 1252(a)(5), which states:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

SIGNED this 11th day of August, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE